UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JAMES BRADWELL, JR.,

    Petitioner,

-vs-                                                          Case No.  8:18-cv-1899-CEH-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's motion for relief from judgment (Doc. 26), filed under Rule 60(b)(6), Fed.R.Civ.P. Petitioner contends the judgment should be vacated because the Court incorrectly denied Grounds Four and Six of his federal habeas petition.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) in which he raised seven grounds for relief. In Ground Four, he alleged he was denied a fair trial because evidence of his prior felonies was admitted (*Id.*, pp. 7-8). And in Ground Six, he alleged trial counsel rendered ineffective assistance in filing a notice of appeal before the trial court issued a ruling on his motion for a new trial or judgment of acquittal because the notice of appeal divested the trial court of jurisdiction to rule on the motion (*Id.*, p. 10).

1

The Court denied Ground Six on the merits because Petitioner failed to show the state court's denial of the claim was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. 17, pp. 22-28). Ground Four, however, was not denied on the merits but as procedurally barred (*Id.*, pp. 15-17).

## II. ANALYSIS

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). However, "a Rule 60(b) motion is to be treated as a successive habeas petition if it. . .'attacks the federal court's previous resolution of a claim on the merits.'" *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (quoting *Gonzalez*, 545 U.S. 524, 532 (2005)). Conversely, a Rule 60(b) motion is not a successive habeas petition when it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4.

Regarding Ground Six, Petitioner attacks the substance of the Court's resolution of the claim on the merits (Doc. 26, pp. 3-10). Therefore, to the extent the motion challenges the denial of Ground Six, it must be treated as a successive habeas petition and dismissed for lack of jurisdiction. *See Williams v. Chatman*, 510 F.3d at 1295 ("Because he was attempting to relitigate previous claims [in a 60(b) motion] that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the

2

district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition. . . .").

The Court has jurisdiction to consider the motion to the extent it challenges the denial of Ground Four because that claim was denied as procedurally defaulted. *See Gonzalez*, 545 U.S. at 532 n.4. The motion, however, presents no extraordinary circumstances justifying relief under Rule 60(b)(6).

In state court, Petitioner failed to raise a federal claim concerning the admission of his felony record (Doc. 12-4, Ex. 2, pp. 32-39). He solely argued that admission of his felony record violated Florida's rules of evidence (*Id.*). He made no argument that admission of his felony record violated his federal rights (*Id.*). Therefore, because he failed to fairly present his federal claim to the state courts, his claim was procedurally barred from review in federal court.

Petitioner argues he raised the federal claim in state court because he cited to a Florida Supreme Court case, *Breedlove v. State*, 431 So.2d 1 (Fla. 1982), that cited to a federal case, *Anderson v. United States*, 417 U.S. 211 (1974) (*Id.*, pp. 36-37). *Breedlove* cited to *Anderson*, however, to explain that out-of-court statements constitute hearsay only when offered to prove the truth of the matter asserted in the statement (*Id.*, p. 37). Therefore, citing to *Breedlove* did not alert the state appellate court that Petitioner was raising a claim that admission of his prior felonies violated his rights to due process and a fair trial under federal law. *See Anderson v. Harless*, 459 U.S. 4, 7 n.3 (1982) (expressing

3

doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing state court of a potential federal claim merely because the defendant in the cited case advanced a federal claim, and clarifying that such a citation was obviously insufficient when the federal claim asserted in the cited case differed from the federal claim on which federal habeas relief was sought).

Accordingly:

1. Petitioner's motion for relief from judgment (Doc. 26) is **DENIED** in part as to Ground Four and **DISMISSED** in part as to Ground Six.

2. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S. C. § 2253(c)(2). He is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on November 29, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record

4